EVANS McCULLIS *v.* PETER THURSTON AND OTHERS.

*Contract, whether joint or several?    Variance.*

A promise, the subject matter of which is entire, and which is joint in its terms and object, cannot be made several by any doubtful implication or limitation.

Several persons signed a writing which purported, by its terms, to be a joint agreement to indemnify·the plaintiff for becoming bail, but annexed to each of their signatures a character and figures indicating different sums in dollars and cents; *Held*, that the contract was not thereby rendered several.

*Quære*, whether there is not a variance between a written contract which expresses that, "for value received," the defendants agreed to indemnify the plaintiff for "having become bail," and a declaration averring that, in consideration that the plaintiff undertook and promised to become bail, the defendants promised, &c.

ASSUMPSIT.    The declaration contained the general *indebitatus assumpsit* counts, and a special count, as follows.

"For that, the defendants, on the 1st day of February, A. D. "1853, at Corinth aforesaid, in consideration that the plaintiff did "then and there undertake and promise to become bail for one "Moses Thurston, then imprisoned, in the common jail in Chelsea, "in said county of Orange, by due process of law, then and there "undertook and faithfully promised the plaintiff, by their memoran- "dum in writing, by them signed, of that date, to indemnify the "said plaintiff from all damages and costs that might accrue to said "plaintiff, by reason of said plaintiff becoming bail for said Thurs- "ton; and the plaintiff avers that, relying upon the defendants' "undertaking, he afterwards, to wit., on the 10th day of February, "A. D. 1853, became bail for said Thurston, and relieved him from "his said imprisonment; and the plaintiff further avers, that, by "reason of becoming bail for said Thurston, as aforesaid, he, the "said plaintiff, was afterwards compelled to pay a large sum of "money, to wit., the sum of two hundred dollars, and was put to "much trouble and expense, to wit., three hundred dollars, of all "which the defendants had notice, and then and there undertook "and faithfully promised the plaintiff to pay him the same sum, "when thereto requested, which the defendants neglect and refuse "to pay, though often thereto requested."

Plea, the general issue; trial by jury, January Term, 1855,— UNDERWOOD, J., presiding.

The plaintiff offered, in evidence, a writing signed by the defendants, of which the following is a copy, viz.

"For value received, we, the subscribers, hereby agree to indem-
"nify Evans McCullis, of Corinth, Vt., for all damages and costs
"that may accrue to said McCullis, by reason of said McCullis
"having become bail for Moses Thurston, who is confined in the
"common jail, in the county of Orange, in the state of Vermont.
"February 1, 1853.

| | | | |
|---|---|---|---|
| "Peter Thurston, | $10.00 | "Denison B. Page, | $1.00 |
| "Charles Huntoon, | $10.00 | "Edson Currier, | $2.50 |
| "R. S. Burnham, | $10.00 | "S. Farnham, | $1.00 |
| "Ira Hutchinson, | $ 2.00 | "Edson E. Colby, | $5.00 |
| "Orin Eastman, | $ 2.00 | "John Dickey, | $2.00 |
| "H. Cunningham, | $25.00 | "Jas. Colby, | $2.00 |
| "Sam'l McCullis, | $ 5.00 " | | |

The defendants objected to the admission of said writing, on the
ground that it had no legal tendency to support the action. The
objection was sustained by the court, and the testimony rejected.

It was conceded by the defendants, that after the said writing
was executed and delivered to the plaintiff, the plaintiff, relying
upon and in faith of it, became bail for the said Moses Thurston,
in the sum of $100.00, by which said Moses Thurston was released
from his imprisonment in jail, and that the plaintiff afterwards was
compelled to pay, and did pay, in damages and costs, accrued by
reason of so becoming bail, the sum of $130.11.

The court directed a verdict for the defendants. Exceptions by
the plaintiff.

*Peck & Colby* for the plaintiff.

*A. M. Dickey* and *S. M. Flint* for the defendants.

The opinion of the court was delivered by

BENNETT, J.    This is an action of special assumpsit, as per
declaration. The plaintiff declares that the defendants, on the 1st
day of February, 1853, in consideration that the plaintiff did then
and there undertake and promise to become bail for one Moses
Thurston, then imprisoned, then and there undertook and faithfully
promised the plaintiff to indemnify him from all damages and costs
that might accrue to him, by reason of the plaintiff becoming such

bail. The declaration then proceeds to make the necessary aver-ments.

The written contract, offered in evidence, is a part of the bill of exceptions, and may be referred to for its particulars. It was excluded by the county court, as having no legal tendency to sup-port the action. It is quite possible that there might be some ground of objection to the admission of the written contract, in evidence, by reason of variance between that and the declaration, in setting out the consideration for the defendants' promise.

In the written contract of the defendants, it is expressed to be, "for value received," and the case was doubtless open to the plain-tiff to show, by parol evidence, in what that value consisted. It is not stated, in the written contract, that the plaintiff had become bail for Moses Thurston, at the request of the defendants, and un-less such request may be inferred from the force of the words, "for value received," it might seem to be a past consideration on the face of the papers.

But it does not appear that any question of variance, as growing out of the consideration, as stated in the declaration, was made at the trial in the county court, or passed upon by that court; and none has been made in the argument in this court. The court below held that the written contract had no tendency to support the action, and this upon the ground, we are to presume, that the plaintiff had entirely mistaken its legal effect, and this is the important question. The court should give effect to a contract, according to the intent of the parties, but that intent must be found from the whole instru-ment taken together. The question then is, what is this contract? It is claimed by the defendants, that their undertakings are *several*, and that the extent of each one's liability is limited by the mark for dollars and the numerical figures opposite his name. But the contract is *joint* only, in its terms. *We* agree to *indemnify*, &c. The subject matter of the promise is also entire, and not susceptible of division or limitation. It is to indemnify against *all* damages and costs, &c. It is true that words, which would create a joint contract, have been sometimes controlled and rendered several by the distinct and several subject matter to which they relate, and upon which they are to operate. But in the case before us, the promise is to give a full indemnity against all damages and costs,

McCullis v. Thurston et als.

which should arise from the plaintiff's becoming bail. Give the contract the construction claimed by the defendants, and you do violence to the language of the contract, and to its object.

In that event the plaintiff could only claim a partial indemnity, to wit., to the amount of $78.50. Where the promise is joint in its terms and its object, it cannot be made several by any doubtful implication or limitation. The sums may have been affixed to the respective names of the defendants, to regulate the principles or rate of contribution among themselves, upon giving the plaintiff his full indemnity.

If the contract was not so drawn that it can have the effect which the parties intended it should have, it is quite another question, whether it can be reformed in chancery.

The judgment of the county court must be reversed, and the case remanded.